UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

NEFRITITI S. o/b/o A.E.A.,

                Plaintiff,

v.                                                                              CASE # 19-cv-00199

COMMISSIONER OF SOCIAL SECURITY,

                Defendant.
_____

APPEARANCES:                                             OF COUNSEL:

Law Offices of Kenneth Hiller, PPLC           JEANNE E. MURRAY, ESQ.
  Counsel for Plaintiff                              KENNETH R. HILLER, ESQ.
6000 North Bailey Avenue
Suite 1A
Amherst, NY 14226

U.S. SOCIAL SECURITY ADMIN.                GRAHAM MORRISON, ESQ.
OFFICE OF REG'L GEN. COUNSEL – REGION II
  Counsel for Defendant
26 Federal Plaza – Room 3904
New York, NY 10278

J. Gregory Wehrman, U.S. Magistrate Judge,

## MEMORANDUM-DECISION and ORDER

      The parties consented in accordance with a standing order to proceed before the undersigned. The court has jurisdiction over this matter pursuant to 42 U.S.C. § 405(g). The matter is presently before the court on the parties' cross-motions for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure. Upon review of the administrative record and consideration of the parties' filings, the plaintiff's motion for judgment on the administrative record is GRANTED, defendant's motion is DENIED, the decision of the Commissioner be

REVERSED, and this matter be REMANDED for further administrative proceedings consistent with this order.

I.  **RELEVANT BACKGROUND**

  A.  **Factual Background**

Plaintiff was born on February 15, 2006 and was a school-age child on the application date and at the time of the hearing. (Tr. 15, 146). Generally, plaintiff alleges disability because of pervasive developmental disorder, bipolar, and being abusive. (Tr. 220).

  B.  **Procedural History**

On October 1, 2014, plaintiff[1] protectively filed an application for Supplemental Security Income (SSI) under Title XVI of the Social Security Act. (Tr. 189). Plaintiff's application was initially denied, after which a timely request was made for a hearing before an Administrative Law Judge (ALJ). On August 8, 2017, plaintiff and his mother appeared before the ALJ, Melissa Lin Jones. (Tr. 40-87). On October 19, 2017, ALJ Jones issued a written decision finding plaintiff not disabled under the Social Security Act. (Tr. 9-24). On December 18, 2018, the Appeals Council (AC) denied plaintiff's request for review. (Tr. 1-3). The ALJ's decision became the final decision of the Commissioner subject to judicial review under 42 U.S.C. § 405(g), incorporated for SSI by 42 U.S.C. § 1383(c)(3) and this action followed.

  C.  **The ALJ's Decision**

Generally, ALJ Jones made the following findings of fact and conclusions of law:

> 1. The claimant was born on February 15, 2006. Therefore, he was a school-age child on October 1, 2014, the date the SSI application was filed, and he is currently a school-age child (20 CFR 416.926a(g)(2)).
>
> 2. The claimant has not engaged in substantial gainful activity since October 1, 2014, the SSI application filing date (20 CFR 416.924(b) and 416.971 et seq.).

---

[1] At the time of application plaintiff's mother commenced the action because plaintiff was a minor.

3. The claimant has the following severe impairments: attention deficit/hyperactivity disorder (ADHD) and pervasive developmental disorder (20 CFR 416.924(c)).

4. The claimant does not have an impairment or combination of impairments that meets or medically equals the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1 (20 CFR 416.924, 416.925 and 416.926).

5. The claimant does not have an impairment or combination of impairments that functionally equals the severity of the listings (20 CFR 416.924(d) and 416.926a).
(a) The claimant has less than marked limitation in acquiring and using information.
(b) The claimant has less than marked limitation in attending and completing tasks.
(c) The claimant has less than marked limitation in interacting and relating with others.
(d) The claimant has no limitation in moving about and manipulating objects.
(e) The claimant has less than marked limitation in the ability to care for himself.
(f) The claimant has no limitation in health and physical well-being.

6. The claimant has not been disabled, as defined in the Social Security Act, since October 1, 2014, the date the application was filed (20 CFR 416.924(a)).

## II. THE PARTIES' BRIEFINGS ON PLAINTIFF'S MOTION

### A. Plaintiff's Arguments

Plaintiff makes two arguments in support of the motion for judgment on the pleadings. First, plaintiff argues the ALJ failed to develop a complete record. Second, the Appeals Council improperly reviewed and rejected the evidence from plaintiff's teachers and school. (Dkt. No. 11 at 1 [Pl.'s Mem. of Law]).

### B. Defendant's Arguments

In response, defendant makes two arguments. First, defendant argues the record was adequately developed to support the ALJ's decision. (Dkt. No. 12 at 5 [Def.'s Mem. of Law]). Second, defendant argues the AC was correct in its determination because the evidence submitted to them supported the ALJ's decision. (*Id*. at 11).

## III. RELEVANT LEGAL STANDARD

### A. Standard of Review

A court reviewing a denial of disability benefits may not determine *de novo* whether an individual is disabled. *See* 42 U.S.C. §§ 405(g), 1383(c)(3); *Wagner v. Sec'y of Health & Human Servs.*, 906 F.2d 856, 860 (2d Cir. 1990). Rather, the Commissioner's determination will only be reversed if the correct legal standards were not applied, or it was not supported by substantial evidence. *See Johnson v. Bowen*, 817 F.2d 983, 986 (2d Cir. 1987) ("Where there is a reasonable basis for doubt whether the ALJ applied correct legal principles, application of the substantial evidence standard to uphold a finding of no disability creates an unacceptable risk that a claimant will be deprived of the right to have her disability determination made according to the correct legal principles."); *Grey v. Heckler*, 721 F.2d 41, 46 (2d Cir. 1983); *Marcus v. Califano*, 615 F.2d 23, 27 (2d Cir. 1979).

"Substantial evidence" is evidence that amounts to "more than a mere scintilla," and has been defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971). Where evidence is deemed susceptible to more than one rational interpretation, the Commissioner's conclusion must be upheld. *See Rutherford v. Schweiker*, 685 F.2d 60, 62 (2d Cir. 1982).

"To determine on appeal whether the ALJ's findings are supported by substantial evidence, a reviewing court considers the whole record, examining evidence from both sides, because an analysis of the substantiality of the evidence must also include that which detracts from its weight." *Williams v. Bowen*, 859 F.2d 255, 258 (2d Cir. 1988).

If supported by substantial evidence, the Commissioner's finding must be sustained "even where substantial evidence may support the plaintiff's position and despite that the court's

independent analysis of the evidence may differ from the [Commissioner's]." *Rosado v. Sullivan*, 805 F. Supp. 147, 153 (S.D.N.Y. 1992). In other words, this Court must afford the Commissioner's determination considerable deference, and may not substitute "its own judgment for that of the [Commissioner], even if it might justifiably have reached a different result upon a de novo review." *Valente v. Sec'y of Health & Human Servs.*, 733 F.2d 1037, 1041 (2d Cir. 1984).

**B.     Standard to Determine Disability**

To be "disabled" within the meaning of the Act, a child must show he or she has a "medically determinable physical or mental impairment, which results in marked and severe functional limitations," and which either lasts or can be expected to last for a continuous period of not less than 12 months. 42 U.S.C. § 1382c(a)(3)(C)(I).

A three-step sequential evaluation process determines whether a supplemental security income claimant under the age of 18 is disabled. 20 C.F.R. § 416.924(a). At the first step, the ALJ determines whether the child has engaged in substantial gainful activity during the relevant period. 20 C.F.R. § 416.924(b). If so, the child is not disabled; if not, the evaluation continues to the next step. At the second step, the ALJ determines whether the child has a "severe" impairment, or combination of impairments – i.e., a slight abnormality or combination of slight abnormalities that causes more than minimal functional limitations. 20 C.F.R. § 416.924(c). If not, the ALJ denies the application; otherwise, the evaluation continues.

At step three of the sequential evaluation process, the ALJ determines whether a child's impairments meet, medically equal, or functionally equal the severity of one of the Commissioner's listed impairments (Listings). 20 C.F.R. §§ 416.924(a), (d). If not, the child is not disabled. 20 C.F.R. § 416.924(d). As part of the step three analysis, if the ALJ finds that a child's impairments do not meet or medically equal a listed impairment, the ALJ assesses all functional

limitations using six "domains" of functioning to determine whether the child's symptoms are functionally equivalent to the listed impairments. 20 C.F.R. § 416.926a. The six domains of functioning include: (1) acquiring and using information; (2) attending and completing tasks; (3) interacting and relating with others; (4) moving about and manipulating objects; (5) caring for yourself; and (6) health and physical well-being. 20 C.F.R. § 416.926a(b)(1). The evaluation of age-appropriate functioning within each domain focuses on the child's abilities and limitations; where the child has difficulty; the quality of any limitations; and the kind, extent, and frequency of help that the child needs. 20 C.F.R. § 416.926a(b)(2). A finding of functional equivalence occurs when a child has an "extreme" limitation in one of the six domains of functioning or "marked" limitations in at least two domains. 20 C.F.R. § 416.926a(e).[2]

## IV. ANALYSIS

Plaintiff argues the ALJ did not base the functional equivalence findings on substantial evidence because there were gaps in the record, particularly school records which included counseling records. Despite alleging only mental impairments, disclosing special education services to the consultative examiner, and testimony from plaintiff's *pro se* mother that the child had additional help in school, at the time of the hearing there were no school records in the file. Indeed, on the record at the hearing, the ALJ discussed with the plaintiff's mother that there had been five unsuccessful requests for school records from Gateway-Longview and one additional request would be sent after the hearing. (Tr. 105-106). The record reflects the Agency requested records from Gateway-Longview School on November 21, 2014, December 5, 2014, December

---

[2] "Extreme" means a child has an impairment that very seriously interferes with a child's ability to independently initiate, sustain, or complete activities. 20 C.F.R. § 416.926a(e). "Marked" indicates that he or she has an impairment that seriously interferes with the ability for independently initiating, sustaining, or completing activities. *Id*.

19, 2014, and January 2, 2015, and the ALJ requested records from Gateway-Longview on August 15, 2017 and August 25, 2017 and to the Cheektowaga Sloan School District on September 19, 2017. (Tr. 148, 345-358, 364, 371-385, 401-415). There is however no evidence the Agency or ALJ attempted to follow-up with Gateway-Longview or the school district by telephone or email. Nor was any subpoena issued by the ALJ despite the difficulties in obtaining the records from the time of application through the time of the hearing. *See generally* Hearings, Appeals and Litigation Law Manual at 1–2–5–78(A) ("[w]hen it is reasonably necessary for the full presentation of a case, [the] ALJ may issue a subpoena").[3]

The Regulations provide an ALJ is responsible for developing a claimant's complete medical history for at least the 12 months preceding the month in which the claimant filed his application and make every reasonable effort to help plaintiff get medical evidence from his medical sources. 20 C.F.R. §§ 404.1512 (b) and 416.912 (b)(1). In this case, the plaintiff had proceeded *pro se* and the ALJ's duty to develop the record was heightened. *See Moran v. Astrue*, 569 F.3d 108, 113 (2d Cir. 2009) ("The ALJ must 'adequately protect a pro se claimant's rights by ensuring that all of the relevant facts are sufficiently developed and considered' and by 'scrupulously and conscientiously prob[ing] into, inquir[ing] of, and explor[ing] for all the relevant facts.' ") (internal quotation marks omitted).

Defendant attempts to shift all burden to the plaintiff's mother to produce the evidence because the ALJ asked the mother during the hearing to help obtain the school records. (Dkt. No. 12 at 9). However, there is documentation in the record plaintiff's mother had disclosed her own

---

[3] Although the Agency was persistent in requesting Gateway-Longview records prior to the initial denial, with five records requests, the Court is cognizant that plaintiff was a minor and appeared before the ALJ *pro se* with his mother which requires a heightened duty to develop the record. The ALJ did not make a specific request for those records until after the hearing, which was over two years after the requests by the Agency.

health problems, including memory loss and cognitive difficulties, which made paperwork difficult. (Tr. 267). Therefore the ALJ's reliance on plaintiff's mother to develop the record is inappropriate given that the ALJ's duty to develop the record is doubly heightened when the claimant has a mental impairment and is proceeding pro se. *Leutung v. Comm'r of Soc. Sec.*, No. 17-CV-6626-JWF, 2019 WL 1385847, at *3 (W.D.N.Y. Mar. 27, 2019) (citation omitted).

Specific to the facts of this case, the Commissioner's regulations obligate the ALJ to obtain information about how the claimant is functioning in school and any related educational reports. *Caldwell o.b.o J.W. v. Berryhill*, 15-CV-613, 2018 WL 1081009, at *2 (W.D.N.Y. Feb. 28, 2018), *citing* 20 C.F.R. § 416.924a. The failure to make reasonable efforts to obtain updated school records has been found to be cause for remand. *Collins o.b.o. J.T.C. v. Comm'r of Soc. Sec.*, 18-CV-6795, 2020 WL 1302311, at *2 (W.D.N.Y. Mar. 19, 2020) (collecting cases). Plaintiff reported to the consultative examiner he was placed in a highly restrictive 6:1:1 classroom setting at Gateway-Longview, which provided counseling as part of the special education programing. (Tr. 533). Gateway-Longview is a large community not-for-profit agency which provides both behavioral health, residential treatment, and a specialized educational setting. *See* http://www.gateway-longview.org. The regulations identify the continuum of alternative educational placements but the ALJ never discussed the kind and level of support received by plaintiff at the day treatment program. *See generally* SSR 09-1p, Title XVI: Determining Childhood Disability Under the Functional Equivalence Rule—The "Whole Child" Approach and SSR 09-2p(IV)(B)(A). Therefore, by neglecting to make every reasonable effort to complete the record, the ALJ failed to obtain years of both school records and counseling records. 20 C.F.R. § 416.912(d). The defendant's rationalization that the limited clinical notes and insignificant medical treatment during the period at issue constituted substantial evidence is unavailing since there were

records of treatment, central to plaintiff's disability determination, but they were not obtained. As stated in SSR 09-1p, information about supports children receive in school can be critical to determining the extent to which their impairments compromise their ability to independently initiate, sustain, and complete activities.

Notably, some records from Gateway-Longview, as well as two teacher questionnaires, were received by the SSA ODAR office on October 11, 2017, which was five days before the ALJ's decision was issued. The ALJ did not exhibit these records nor discuss them in the decision. (Tr. 30-39, 65-88). Plaintiff re-submitted the records to the Appeals Council with the request for review and the AC summarily stated the evidence did not show a reasonable probability that it would change the outcome of the decision. (Tr. 2). To be sure, when reviewing a denial of benefits, the AC will consider new and material evidence if it relates to the period on or before the date of the hearing decision, and there is a reasonable probability the additional evidence would change the outcome of the decision. *Gurnett v. Berryhill*, No. 16-CV-955-FPG, 2018 WL 3853387, at *3 (W.D.N.Y. Aug. 14, 2018) (quoting 20 C.F.R. § 404.970(b) (internal quotation marks omitted)).

Defendant additionally argues any error by the ALJ in developing the record was harmless. (Dkt. No. 12 at 8). The records include a day school treatment program for 2017-2018 which states continued services of individual counseling once a week, group counseling once a week, and parent counseling and training twice a month. (Tr. 67). There was a similar reference to individual counseling, small group therapy, and family counseling during a March 2014 evaluation by the school district. (Tr. 72). However, there are however no counseling records in the file. The submitted records also contained a psycho-educational evaluation report from March 2017 which referred to plaintiff as being placed outside of the school district at Gateway-Longview Day Treatment for special education programming in a 6:1:1 self-contained class. (Tr. 69). There is no

9

indication the ALJ considered the effects of the highly structured setting when evaluating each of the domains as required by the regulations and Social Security Rulings.

Defendant offers various post-hoc rationalizations for why the AC's conclusion cures any deficits regarding the sufficiency of the evidence of record, including the opinions from the teachers, and argues the evidence submitted is consistent and supports the ALJ's findings. (Dkt. No. 12 at 11). This argument is impermissible as the AC did not offer any rationale and this Court is unable to glean anything from the conclusory statement in the decision. *See, Newbury v. Astrue*, 321 F. App'x 16, 18 (2d Cir. 2009) ("A reviewing court may not accept appellate counsel's *post hoc* rationalizations for agency action.") (citations omitted). "The Appeals Council's perfunctory statement declining to review this material essentially leaves the Court without any idea as to whether the Council's ruling was correct, and with no way to make such determination except to scrutinize the records on its own. This the Court declines to do." *Mendez v. Comm'r of Soc. Sec.*, No. 17-cv-6824-CJS, 2019 WL 2482187, at *4 (W.D.N.Y. June 14, 2019). Remand is required for further development of the entire record, including records from plaintiff's day treatment program and schooling.

**ACCORDINGLY, it is**

    **ORDERED** that plaintiff's motion for judgment on the pleadings (Dkt. No. 11) is **GRANTED**; and it is further

    **ORDERED** that defendant's motion for judgment on the pleadings (Dkt. No. 12) is **DENIED**; and it is further

    **ORDERED** that this matter is **REMANDED**, pursuant to 42 U.S.C. § 405(g), for further proceedings consistent with this Decision and Order.

Dated: June 28, 2021                                       *J. Gregory Wehrman*
Rochester, New York                            HON. J. Gregory Wehrman
                                                         United States Magistrate Judge